**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

UNITED STATES OF AMERICA

     Plaintiff,

v.                                Criminal Case No. 06-CR-20202-1
                                      Civil Case No. 08-CV-10518

LEONARDO SAAVEDRA-IBANEZ,

     Defendant.

_____/

### OPINION AND ORDER DENYING DEFENDANT'S MOTION UNDER
### 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

On June 1, 2006, Defendant Leonardo Saavedra-Ibanez pleaded guilty to
unlawful reentry after deportation after an aggravated felony in violation of 8 U.S.C. §
1326(b)(2).  He received a sentence of forty-six months incarceration and two years of
supervised release, which was affirmed on appeal.  He now brings a motion, filed on
February 4, 2008 and pursuant to 28 U.S.C. § 2255, raising various arguments and
requesting re-sentencing.  The government responded on April 14, 2008.  For the
reasons stated below, the court will deny the motion.

### I.  STANDARD

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court "may move the
court which imposed the sentence to vacate, set aside or correct the sentence" when
"the sentence was imposed in violation of the Constitution or laws of the United States, .
. . the court was without jurisdiction to impose such sentence, . . . the sentence was in

excess of the maximum authorized by law, or is otherwise subject to collateral attack."

Such motions, however, must demonstrate "the existence of a fundamental defect

which inherently results in a complete miscarriage of justice, or an omission inconsistent

with the rudimentary demands of fair procedure" in order for relief to be obtained.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United*

*States*, 368 U.S. 424, 428 (1962)).

## II. DISCUSSION

The court will summarily deny Defendant's motion, as it relies exclusively upon

the merits of arguments already presented and rejected by this court and on appeal.

Defendant advances four grounds for relief:

(1) counsel was ineffective for failing to object to the sentencing guideline range,

(2) the court imposed an improper sixteen-level enhancement for the offense level, which overstates the nature and severity of the offense

(3) "fast-track disparity" entitles Defendant to a four-level downward departure and

(4) Defendant should receive a downward departure as deportable alien

Defendant is not permitted in a collateral attack of his conviction to raise an issue that

was decided on direct appeal. *See e.g. Stephan v. United States*, 496 F.2d 527, 528-29

(6th Cir. 1974); *United States v. Vanbuskirk*, 343 F.2d 158 (6th Cir. 1965). The court

finds that each asserted ground for relief was already considered and rejected by this

court and by the Sixth Circuit. Accordingly, the motion should be summarily denied.

The government's response brief persuasively demonstrates that Defendant's collateral attack on his sentence is in substance reargument of issues that were rejected on direct appeal.  While Defendant couches his first claim of relief in the rubric of ineffective assistance of counsel, the challenge is in fact another attempt to argue that Defendant's sentence was procedurally or substantively unreasonable under *United States v. Booker*, 543 U.S. 220 (2005).  On direct appeal, the Sixth Circuit denied Defendant's *Booker* challenge and held that this court properly applied the sentencing factors of 18 U.S.C. § 3553.  *United States v. Saavedra-Ibanez*, 247 F. App'x 724, 726-30 (September 6, 2007).  In particular, the Sixth Circuit considered and denied Defendant's argument that the sixteen-level enhancement was improper.  *Id.*  The first two grounds for relief are therefore not subject to new review by this court.  The Sixth Circuit also affirmed this court's denial of a downward departure for so-called "fast-track disparity."  *Id.* (citing *United States v. Hernandez-Fierros*, 453 F.3d 309, 313-14 (6th Cir. 2006)).  Defendant simply may not reargue this issue in his collateral attack on his sentence.  Finally, Defendant argues briefly that his status as a deportable alien may warrant a downward departure.  The court finds that this argument falls squarely within the court's earlier consideration of the relevant § 3553 factors and the Sixth Circuit's review on direct appeal.  The entirety of Defendant's motion is thus not properly before the court, and the court need not again decide the merits of the issues Defendant presents.  *Stephan*, 496 F.2d at 528-29; *Vanbuskirk*, 343 F.2d at 158.

## III. CONCLUSION

IT IS ORDERED that Defendant's "Motion Under 28 U.S.C. § 2255 to Vacate,

Set Aside, or Correct Sentence" [Dkt. # 24] is DENIED.


            S/Robert H. Cleland
            ROBERT H. CLELAND
            UNITED STATES DISTRICT JUDGE

Dated: June 30, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, June 30, 2008, by electronic and/or ordinary mail.


            S/Lisa Wagner
            Case Manager and Deputy Clerk
            (313) 234-5522